IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              Case No. 23-10096-JWB

RICHARD EMIL CHRISTENSEN,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions to compel discovery and produce grand jury material. (Docs. 58, 59, 60.) The motions are fully briefed and ripe for decision. (Docs. 58, 59, 60, 61, 62.) The motions are DENIED for the reasons stated herein.

Defendant has filed three motions pro se. The first is a "Motion to Compel Discovery of Materials Related to Illegal Electronic Surveillance of Defendant." (Doc. 58.) The second is a "Motion to Compel Discovery or to Bar Use of Undisclosed Evidence." (Doc. 59.) The third is a "Motion to Compel Production of Grand Jury Material." (Doc. 60.) Defendant has attached a one-page memorandum of points and authority in support of his motions. (Doc. 61.) Defendant attached an affidavit to each of his motions explaining that the motions "seek the court's assistance" in obtaining from his attorney, an "itemized work order showing" what he was billed for and "paper copies of all files" and discovery in the attorney's possession. (Doc. 58-1 at 1-2.) Defendant claims that his attorney has rebuffed such requests. (*Id.*)

The government has filed a response. (Doc. 62.) Defendant's time to reply has elapsed. The government contends that all of Defendant's motions appear to be formulaic filings that

1

misunderstand the present procedural posture of his case. (*Id.* at 2.) The government also asserts that it cannot assist Defendant with his requests to his attorney. (*Id.*) The court agrees.

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Defendant pled guilty to a violation of 18 U.S.C. § 2244(a)(5), Abusive Sexual Contact Against a Minor on November 5, 2024. (Doc. 35.) He was sentenced on February 7, 2025, to 35 years in prison, 10 years of supervised release, and ordered to pay $91,500 in restitution and assessments. (Doc. 40.) All of Defendant's motions are pretrial motions which, assuming they were relevant to his case at all, should have been filed before trial. That said, Defendant waived his right to trial on his conviction when he entered his plea agreement on November 5, 2024. (Doc. 35.) Accordingly, his motions are, as the government points out, moot. Additionally, this court is not the proper forum to assist Defendant in contacting his attorney and compelling the release of the requested information.

Consequently, Defendant's motions are DENIED. (Docs. 58, 59, 60.)

IT IS SO ORDERED. Dated this 12th day of December, 2025.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE